IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:12-CV-00764

THE PANTRY, INC.,                           )
                                            )
           Plaintiff/Judgment Creditor,     )
                                            )
v.                                          )
                                            )          RESTRAINING ORDER
DOLCE BEVUTO, LLC,                          )
                                            )
           Defendant/Judgment Debtor.       )
                                            )
                                            )
_____   )

This matter is before the Court on the Motion of Plaintiff and Judgment Creditor The

Pantry Inc. ("The Pantry") for Injunctive Relief against Defendant and Judgment Debtor Dolce

Bevuto, LLC ("Dolce Bevuto"). Upon consideration of the pleadings, The Pantry's motion, and

the other matters of record before the Court, and pursuant to Rule 69 of the Federal Rules of

Civil Procedure and N.C. Gen. Stat. § 1-358, this Court hereby finds that:

1. Final judgment was entered against Dolce Bevuto on April 18, 2013 in the amount of
   $92,325 plus costs and interest.

2. The sole member of Dolce Bevuto, John Grdina, incorporated a Nevada entity, Dolce
   Bevuto, Inc. ("DB Inc."), on February 8, 2013, after default had been entered against
   Dolce Bevuto in this case.

3. Dolce Bevuto filed a certificate of dissolution with the California Secretary of State on
   February 12, 2013.

4. DB Inc. is likely either the same legal entity as Dolce Bevuto or a successor entity that is a mere continuation of Dolce Bevuto. Accordingly, DB Inc. is likely liable for the judgment entered against Dolce Bevuto.

5. Dolce Bevuto owns a number of assets, including intangible property.

6. DB Inc. owns a number of assets, including inventory and bank accounts.

7. Dolce Bevuto appears to have transferred a many of its assets to other entities, including DB Inc.

8. In the absence of injunctive relief, Dolce Bevuto and/or DB Inc. are likely to transfer all of their assets to a successor entity or to their stakeholders to the detriment of The Pantry's rights as a Judgment Creditor.

9. North Carolina General Statute § 1-358, as incorporated by Federal Rule of Civil Procedure 69, empowers this Court to enjoin the transfer or disposition of the judgment debtor's property.

IT IS THEREFORE ORDERED that, effective immediately:

1. Dolce Bevuto and its officers, managers, members, owners, agents, attorneys, employees, assigns, and successors, and all persons in active concert or participation with Dolce Bevuto, are hereby forbidden, restrained, and enjoined from transferring, selling, licensing, leasing, or in any other way disposing of any interest in any asset owned by Dolce Bevuto or any of its successor entities, including but not limited to all intangible and intellectual property, such as:

   a. the trademark NOHO (as more fully described in Dolce Bevuto's application to the U.S. Patent and Trademark Office ("USPTO"), Serial Number 85574293);

   b. the trademark NO HO (USPTO Registration No. 3800854);

2

c. the trademark THE HANGOVER DEFENSE (USPTO Registration No. 4148501);

d. any registrations, applications, and goodwill related to items 1(a)-(c).

e. the domain name nohodrink.com;

f. the domain name nohodrink.net;

g. the domain name nohodrink.org;

h. any email addresses, mail exchanger records, and mail transfer agents associated with items 1(e)-(g);

i. any copyright rights in any works;

j. any accounts, as that term is defined in N.C. Gen. Stat. § 25-9-102; and

k. any causes of action.

2. The terms of this restraining order shall remain in effect until dissolved by this Court. Any violation of this order by any person may be punished by contempt.

3. Within 30 days of the entry of this Order, a copy of the Order shall be served upon Dolce Bevuto by counsel for The Pantry in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. The Court will retain jurisdiction over this action, including any further supplemental proceedings related to enforcement of the judgment entered against Dolce Bevuto on April 17, 2013.

SO ORDERED. This the **29** day of ~~June~~ July, 2013.

JAMES C. DEVER III
Chief United States District Judge

3